**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TAMMY L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 25-14034 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Tammy L.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the Commissioner's decision.

## I.    BACKGROUND

In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") determination that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

## A.    Procedural Background

Plaintiff filed an application for SSI on October 20, 2022, alleging a disability onset date of April 14, 2022. (AR 18, ECF No. 5.[2]) The Social Security Administration (the "Administration") denied Plaintiff's initial application on December 16, 2022, and again upon reconsideration on October 3, 2023. (*Id.*) Thereafter, Plaintiff requested a hearing before the ALJ. (*Id.*) The ALJ subsequently denied Plaintiff's application for SSI on August 13, 2024. (*Id.* at 15-29.) Plaintiff submitted a request for review, which the Appeals Council denied on June 6, 2025. (*Id.* at 1-7.)

On August 1, 2025, Plaintiff filed the instant appeal. (*See generally* Compl., ECF No. 1.) Plaintiff filed her moving brief in this action on October 29, 2025 (Pl.'s Moving Br., ECF No. 6), the Commissioner opposed on February 11, 2026 (Def.'s Opp'n Br., ECF No. 10), and Plaintiff replied on February 20, 2026 (Pl.'s Reply Br., ECF No. 11).

## B.    The ALJ's Decision

The ALJ's August 13, 2024, decision concluded that Plaintiff was not disabled. (AR 29.) The ALJ set forth the Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 19-20 (citing 20 C.F.R. § 416.920(a)).) At step one, the ALJ found that Plaintiff has not "engaged in substantial gainful activity" since October 20, 2022. (*Id.* at 20 (citing 20 C.F.R. § 416.971, *et seq.*).) At step two, the ALJ found that Plaintiff suffered from the following severe impairments: (1) Lyme disease with Lyme arthritis; (2) chronic fatigue; (3) fibromyalgia; (4) major depressive disorder; (5) generalized anxiety disorder; (6) attention deficit hyperactivity disorder; (7) opioid dependence; and (8) obesity. (*Id.* (citing 20 C.F.R. § 416.920(c)).) Despite the ALJ finding Plaintiff had these severe impairments, she determined at

---

[2] The Administrative Record ("AR") is located at ECF Nos. 5 through 5-8. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

step three that Plaintiff does not have "an impairment or combination of impairments" that qualifies under the Administration's listed impairments. (*Id.* (citing 20 C.F.R. §§ 416.920(d), 416.925 and 416.926).)

The ALJ then found that Plaintiff possessed the residual functional capacity (the "RFC") to perform light work, as defined in 20 C.F.R. § 416.967(b). (*Id.* at 23.) Plaintiff was limited to occasional: (1) posturals; (2) climbing of ramps and stairs; (3) overhead reaching and lifting; (4) changes in the workplace; and (5) interactions with coworkers and supervisors. (*Id.*) Plaintiff could not: (1) climb ladders, ropes, or scaffolds; (2) be exposed to unprotected heights; and (3) directly interact with the public. (*Id.*) Plaintiff, additionally, was limited to performing simple, routine tasks and making simple decisions. (*Id.*) Moreover, to remain at her workstation and stay on task, Plaintiff needed to alternate "from standing to sitting every 30 minutes with a 10[-]minute change of position[.]" (*Id.*) In determining that Plaintiff had the RFC to "perform light work" subject to the above limitations, the ALJ thoroughly detailed Plaintiff's medical history, including Plaintiff's subjective testimony and Plaintiff's complete medical records. (*Id.* at 23-27.)

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at 27 (citing 20 C.F.R. § 416.965).) In the fifth step, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a: (1) marker; (2) non-postal mail clerk; and (3) classifier of laundry. (*Id.* at 28 (citing 20 C.F.R. §§ 416.969 and 416.969a).) The ALJ found the vocational expert's testimony in this regard consistent with the information provided in the Dictionary of Occupational Titles considering Plaintiff's age, education, work experience, and RFC. (*Id.* at 28-29.) As such, the ALJ concluded that Plaintiff has not been disabled since October 20, 2022—the date Plaintiff filed her application. (*Id.* at 29.)

3

## II.   LEGAL STANDARD

### A.   Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (internal quotation marks and citation omitted). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks and citation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing

4

*Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

B.      **Establishing Disability**

To be eligible for SSI, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of her alleged disability. *Id.* § 416.920(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 416.920 (a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 140-41, 146 n.5 (1987). The third step requires

that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to SSI. *Id.* § 416.920(a)(4)(iii); *id.* § 416.920(d). If she cannot so demonstrate, the eligibility analysis proceeds to step four. *See id.* § 416.920(e).

Under the fourth step, the ALJ determines whether the claimant's RFC permits her to resume her previous employment. *Id.* If the claimant's RFC permits previous employment, she is not "disabled" and thus is not entitled to SSI. *Id.* § 416.920(f). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with her medical impairments, age, education, past work experience, and RFC. 20 C.F.R. § 416.920(g). If the Commissioner cannot satisfy this burden, the claimant will receive SSI. *Id.*

## III.    DISCUSSION

Plaintiff argues that remand is required because the ALJ legally erred[3] in her RFC analysis by failing to properly evaluate the four medical opinions provided in the record pursuant to 20 C.F.R. § 416.920c. (*See generally* Pl.'s Moving Br.) Specifically, Plaintiff contends that each state agency consultant opined that Plaintiff is impaired with limitations that would result in

---

[3] Plaintiff asks this Court to engage in a *de novo* review of the ALJ's decision. (Pl.'s Moving Br. 14, 18-19.) As previously established, the Court must apply a deferential standard of review. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). "The Court may 'not conduct *de novo* review of the [ALJ's] decision[] or re-weigh the evidence[.]'" *Baker v. Kijakazi*, No. 21-531, 2023 WL 2500793, at *3 (W.D. Pa. Mar. 14, 2023) (first alteration in original) (quoting *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014)).

6

off-task time or absenteeism because they credited Plaintiff's subjective statements concerning the intensity, persistence, and functionally limiting effects of her symptoms.[4] (*Id.* at 19-22 (citing AR 84, 86, 94, 96, 285-86, 288, 290, 307-08).).). Plaintiff claims that the ALJ failed to provide any reasoning when she rejected each of those opinions from the state agency consultants in contravention of 20 C.F.R. §416.920c. (*Id.*)

"When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024) (emphases in original). Under 20 C.F.R. § 416.920c(a), an ALJ is required to consider medical opinions and determine the persuasiveness of the opinions by considering specific factors listed in the regulations. These factors include: (1) supportability; (2) consistency; (3) relationship of the medical source to the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and whether it was an examining relationship; (4) specialization; and (5) other relevant factors. *Id.* § 416.920c(c). Supportability and consistency are the most important factors. *Id.* § 416.920c(b)(2). Accordingly, an ALJ must "explain how [she] considered [these two] factors" but need not "explain how [she] considered" the other factors. *Id.*

When giving this explanation, the ALJ "need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski*, 115 F.4th at 639. It is sufficient, rather, for the ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* "[T]he regulations[, moreover,] seek to enforce a 'source level' analysis, rather than dividing

---

[4] Those symptoms are Plaintiff's: (1) chronic fatigue, (2) racing thoughts; (3) concentration problems, such as the ability to maintain concentration and pace; (4) ability to maintain a schedule; and (5) memory problems. (Pl.'s Moving Br. 19-20, 21-22 (citing AR 285-86, 288, 290, 307-08).)

each source's opinions into different units to be separately analyzed[,]" so the ALJ need not perform a supportability and consistency analysis "with regard to every aspect of the [medical] opinion." *Pyle v. Comm'r of Soc. Sec.*, No. 23-815, 2024 WL 4278291, at *1 n.1 (W.D. Pa. Sep. 24, 2024). Further, the ALJ is not required to provide a "written analysis about how [she] considered each piece of evidence." *Joseph P. v. Comm'r of Soc. Sec.*, No. 21-13524, 2023 WL 1929945, at *5 (D.N.J. Feb. 10, 2023) (citations omitted)). The ALJ, additionally, "'is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph [would] probably suffice.'" *Kelly v. Colvin*, No. 09-759, 2013 WL 5273814, at *10 (D. Del. Sep. 18, 2013) (quoting *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981)). Moreover, it is "not for this court to reweigh the various medical opinions in the record[,]" but instead "to determin[e] if there is substantial evidence to support the ALJ's weighing of those opinions." *Id.* (citations omitted).

Here, the Court finds that the ALJ adequately considered the medical opinions of the state agency consultants and explained her reasoning pursuant to 20 C.F.R. § 416.920c. Regarding the opinions of Andrew Scanameo ("Scanameo"), M.D., and James Paolino ("Paolino"), M.D., the ALJ determined that their medical opinions were partially persuasive because they opined that Plaintiff would be limited to light exertion, and that she could frequently: (1) climb ramps and stairs; (2) kneel; (3) crouch; and (4) crawl. (AR 26 (citing AR 81-88 ("Ex. B2A"), 91-99 ("Ex. B5A")).) They also opined that Plaintiff could occasionally climb ladders, ropes, and scaffolds. (*Id.*) While the ALJ found these opinions largely supported by and consistent with the record, she partially disagreed with their conclusion that Plaintiff could frequently climb ramps and stairs. (*Id.* at 26) The ALJ explained that the record reflected that Plaintiff could only do these activities occasionally, and that Plaintiff's "impairments warranted additional manipulative, reaching, and

8

environmental limitations, as well as a sit/stand option" due to her Lyme-related arthritis, fibromyalgia, chronic pain, and obesity. (*Id.*) The Court, accordingly, finds the ALJ's persuasiveness analysis for Scanameo and Paolino sufficient pursuant to 20 C.F.R. § 416.920c and supported by substantial evidence in the record.

With respect to the opinions of Rachael Felsenfeld ("Felsenfeld"), Ph.D, and Ada Liberant ("Liberant"), Ph.D., the ALJ found their opinions generally persuasive. (*Id.*) Felsenfeld and Liberant both opined that Plaintiff: (1) is able to adequately understand and follow simple instructions; (2) can sustain mental pace, persistence, concentration, and attention for at least two-hour segments during the workday; (3) can relate and adapt in work-like settings; and (4) is capable of managing funds. (*Id.* (citing Exs. B2A, B5A).) The ALJ explained that these opinions were supported by a review of the entire record and consistent with the objective medical evidence therein. (*Id.*) The ALJ, however, added a limitation—that Plaintiff could tolerate only occasional changes in the workplace—based on a competing consultative examination that presented Plaintiff with questions intended to assess her social planning ability and capacity to exercise practical judgment. (*Id.* at 26-27.) The ALJ explained that when the examiner presented Plaintiff with such questions, she was unable to respond on an abstract level. (*Id.*) The Court, accordingly, finds the ALJ's persuasiveness analysis for the opinions of Felsenfeld and Liberant compliant with 20 C.F.R. § 416.920c and supported by substantial evidence in the record.

The Court is unpersuaded by Plaintiff's argument that the ALJ erred in her analysis by failing to explain why she rejected Felsenfeld and Liberant's opinions that Plaintiff was moderately limited in her abilities to: (1) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (2) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace

without an unreasonable number and length of rest periods; and (3) maintain attention and concentration for extended periods. (*See* Pl.'s Moving Br. at 19-20 (citing AR 86-87, 96).) Those aspects of Felsenfeld and Liberant's evaluations are part of Section I of the "worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and do[] not constitute the RFC assessment." POMS DI 24510.060; *see also Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 636 (3d Cir. 2010) ("Section I [of the assessment] is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and *does not constitute the RFC assessment.*" (emphasis in original) (citation omitted)). The ALJ was thus not required to give any weight to those discrete portions of the RFC assessment. *See Wise v. Comm'r of Soc. Sec.*, 626 F. App'x 357, 360 (3d Cir. 2015). The ALJ's analysis should, instead, focus "on the narrative portions of the assessments where the medical experts expound on their opinions." *Id.* Here, as previously discussed, the ALJ appropriately assessed Felsenfeld and Liberant's opinions as detailed in their narrative assessments (*see* AR 26-27, 86-87, 96), and the ALJ had no obligation to discuss the subcategories of "moderate limitations contained in the worksheet[,]" *Jason C. v. Bisignano*, No. 24-6873, 2026 WL 851213, at *16 (D.N.J. Mar. 26, 2026) (citing *Wise*, 626 F. App'x at 360).

The Court similarly finds unavailing Plaintiff's argument that the ALJ failed to discuss each of the state agency consultants' opinions that Plaintiff's statements about the intensity, persistence, and functionally limiting effects of her symptoms were substantiated by the objective medical evidence. (*See* Pl.'s Moving Br. 21 (citing AR 84, 94).) Those findings are not binding on the ALJ because "the controlling regulations are clear that the RFC finding is a determination expressly reserved to the Commissioner rather than any medical source[.]" *Morris v. Comm'r of Soc. Sec.*, No. 19-13744, 2020 WL 2764803, at *4 (D.N.J. May 28, 2020) (citations omitted). Here,

10

contrary to Plaintiff's argument, the ALJ expressly considered Plaintiff's self-reported limitations that she: (1) could no longer work due to her depression, anxiety, and chronic fatigue; and (2) faced challenges with concentration and focus due to her attention deficit hyperactivity disorder ("ADHD"). (AR 23.) The ALJ explained that Plaintiff's self-reported disabling limitations were inconsistent with the medical records and Plaintiff's daily activities. (*Id.* at 23-24.) For example, the ALJ referenced Plaintiff's treatment notes indicating that she: (1) was negative for Lyme antibodies; (2) was prescribed Adderall to treat her ADHD; (3) was doing well on her depression and anxiety medication; and (4) was oriented, had adequate memory, and had appropriate mood or affect. (*Id.* at 24-25.) Additionally, the ALJ noted that Plaintiff could engage in daily activities, such as: (1) dressing, bathing, and grooming without reminders; (2) feeding herself, preparing meals, and cleaning the house; (3) going outside, shopping in store or online, and driving a car; and (4) paying her bills, counting change, and handling her money orders and savings account. (*Id.* at 23-24.) The record therefore demonstrates that the ALJ considered Plaintiff's subjective limitations in conjunction with the available medical and nonmedical evidence, and her conclusion to discredit Plaintiff's self-reported limitations is supported by substantial evidence. The Court finds no persuasive reason to disturb that conclusion. *See Hoyman v. Colvin*, 606 F. App'x 678, 681 (3d Cir. 2015) ("The credibility determinations of an [ALJ] are virtually unreviewable on appeal." (quoting *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002))). To hold otherwise would require the Court to reweigh the evidence, which it cannot do. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

11

## IV.    CONCLUSION

For the foregoing reasons, the Court affirms the Commissioner's final decision. The Court will issue an order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: July ____22nd____, 2026

12